UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ANTHONY WAYNE EYLAR,**

Movant,

v.   No. 4:25-cv-0308-P
(No. 4:23-cr-0026-P)

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Anthony Wayne Eylar, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On February 7, 2023, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 10. Movant entered a plea of not guilty. CR ECF No. 13. On March 7, 2023, he was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 15. On March 15, 2023, Movant and his counsel signed a consent to administration of guilty plea and allocution by a United States magistrate judge, CR ECF No. 19, a waiver of indictment, CR ECF No. 20, a plea agreement with waiver of appeal, CR ECF No. 21, and a factual resume. CR ECF No. 22. The factual resume set forth the elements of the offense charged by the superseding information, the penalties Movant faced, and the stipulated facts establishing that

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-cr-0026-P.

Movant had committed the offense. *Id.* The plea agreement set forth the maximum penalties Movant faced, his recognition of the Court's sentencing discretion and role of the guidelines, the waiver of his right to appeal or contest the conviction and sentence in any collateral proceeding except in limited circumstances, and acknowledgment that he had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided to him. CR ECF No. 21.

On March 15, 2023, Movant appeared for arraignment on the superseding information and testified under oath in open court that: he understood the rights he would be giving up by pleading guilty including the right to have the government prove his guilt beyond a reasonable doubt; he understood that he should never depend or rely on any statement or promise by anyone as to what penalty would be assessed against him; he had discussed with counsel how the sentencing guidelines might apply; he understood that he was waiving his right to indictment and he waived it; he signed the waiver of indictment; he had received a copy of the superseding information, read and understood it; he understood the elements of the offense charged by the superseding information and he committed each one; he was fully satisfied with the representation and advice he had received from counsel; he read and understood the plea agreement before signing it; he asked the court to approve the plea agreement; he read and understood the waiver of appeal provision of the plea agreement and discussed it with counsel before signing it; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; all of the terms of his agreement were set forth in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; no one made any promise or assurance of any kind to induce him to enter into the plea agreement; no one attempted to force him to enter into the plea agreement; he understood that if the Court accepted his plea he would be sentenced somewhere within the range of punishment provided by statute; he understood that his punishment included a sentence of not less than five years or more than forty years' imprisonment; he understood that if his sentence was more severe than he expected he

2

would still be bound by his plea and could not withdraw it; he did not have any questions for the Court or his attorney; he was guilty of the offense charged by the superseding information; he read and understood the factual resume before signing it; and, the facts stated in the factual resume were true. CR ECF No. 46.

The probation officer prepared the presentence report (PSR), which reflected that Movant's base offense level was 38. CR ECF No. 27, ¶ 30. He received two-level enhancements for possession of firearms and maintaining a drug premises. *Id.* ¶¶ 31, 32. He receive a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 39 and a criminal history category of VI, his guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentence was 40 years, so the guideline imprisonment range became 360 to 480 months. *Id.* ¶ 95. Movant filed objections, CR ECF No. 28, and the probation officer prepared an addendum to the PSR. CR ECF No. 30.

At sentencing, the Court overruled the objections. CR ECF No. 47 at 6. The Court noted that what hurt Movant was his "very, very lengthy and significant criminal history, combined with the amount of drugs." *Id.* at 10. The Court sentenced Movant to a term of imprisonment of 360 months. CR ECF No. 37. The Court noted that even if the guideline calculation was later shown to be incorrect, the same sentence would have been imposed "based on the amount of dope in this case, as well as [Movant's] lengthy criminal history." CR ECF No. 47 at 13. He appealed. CR ECF No. 39. The United States Court of Appeals for the Fifth Circuit affirmed, concluding that the Rule 11 colloquy was sufficient and that Movant had voluntarily and knowingly waived his appellate rights. *United States v. Eylar*, No. 23-10741, 2024 WL 1134724 (5th Cir. Mar. 15, 2024).

## GROUNDS OF THE MOTION

Movant raises four grounds in support of his motion, all alleging that he received ineffective assistance of counsel. ECF No.[2] 1; ECF No. 2.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

3

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be

4

substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first ground, Movant alleges that counsel provided ineffective assistance in failing to object to the drug quantity. ECF No. 1 at 4[3]; ECF No. 2 at 2–7. He alleges that he was coerced into pleading guilty because he was misadvised about the potential guideline range. In his second ground, he contends that counsel gave him erroneous advice about his sentencing exposure and failed to keep in touch with him. ECF No. 1 at 5; ECF No. 2 at 7–11. Included in his discussion of these grounds, he also claims that he did not know that the government had the burden to prove his guilt and that the "Magistrate Court" lacked jurisdiction over the proceedings. The allegations are frivolous. *See, e.g.*, ECF No. 6 at 10–13 (discussing allegations that Movant was not properly advised, that the facts did not support the plea, and that the government failed to establish the interstate commerce connection).

Any contention that Movant's plea was not knowing, voluntary, and intelligent is wholly belied by the record. Movant's plea agreement, CR ECF No. 21, and factual resume, CR ECF No. 22, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations

---

[3]The page references to the motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten page numbers on the form used by Movant do not reflect the actual page numbers of the document.

in open court, admitting among other things that he understood the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence or to calculate his guideline range does not render his plea unknowing or involuntary. *See, e.g., United States v. Lincks*, 82 F.4th 325, 331–32 (5th Cir. 2023) (underestimating guideline range not ineffective where movant knew the sentence he faced and denied that counsel had promised a particular sentence); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (erroneous prediction of leniency does not render plea involuntary).

Even if Movant could show that his plea was not knowing and voluntary, he has not shown that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Rather, he simply says that he "would of [sic] went [sic] to jury trial on the basis of actual innocence," ECF No. 2 at 4, and that "[a]ny person of Movant's age facing 30 to 40 years without any possibility of parole would never accepted [sic] a plea agreement." *Id.* at 8. Even assuming Movant means that he would have insisted on going to trial, his own *ipse dixit* is insufficient to meet his burden. *See Lee v. United States*, 582 U.S. 357, 369 (2017). He does not point to any contemporaneous evidence to show that he would have gone to trial, probably because there is none. Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

In his third ground, Movant alleges that counsel rendered ineffective assistance in failing to object during the plea colloquy that the Magistrate Judge violated Rule 11 of the Federal Rules of Criminal Procedure. ECF No. 1 at 7; ECF No. 2 at 12–16. First, Movant apparently bases this ground on a mis-citation to *Boykin v. Alabama*,

6

395 U.S. 238 (1969). Movant represents that the Supreme Court held that a plea colloquy must be conducted with "utmost solitude," which he apparently interprets to mean that only one defendant can be present at a time during the colloquy. ECF No. 2 at 12. In fact, the Supreme Court noted that what was at stake demanded the "utmost solicitude." 395 U.S. at 243. The record reflects that that was the case and that Movant fully understood all aspects of the proceedings. CR ECF No. 46. And, indeed, the Fifth Circuit determined that the plea colloquy in this case had met the test. *Eylar*, 2024 WL 1134724, at *1. Because there was no Rule 11 error, counsel cannot have provided ineffective assistance in failing to object. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In his fourth ground, Movant alleges that counsel rendered ineffective assistance in failing to object to the two-level enhancement for possession of firearms. ECF No. 1 at 8; ECF No. 2 at 16–17. He argues that the enhancement was improper under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He does not cite any authority, and the Court is aware of none, to support this proposition. Counsel did object to the firearms enhancement on the basis that Movant did not own the weapons at issue. CR ECF No. 28. He argued the same at sentencing, recognizing that the law held Movant responsible anyway. CR ECF No. 47. Counsel's duty was to make solid, meritorious arguments based on directly controlling precedent. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). Here, the precedent is and was that the weapons enhancement does not violate the Second Amendment. *United States v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020); *see also United States v. Alaniz*, 69 F.4th 1124, 1230 (9th Cir. 2023). Counsel did not render ineffective assistance in failing to make a frivolous objection.[4] *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1985).

---

[4] Even if an objection based on *Bruen* would have had merit, Movant could not show that he was harmed since his guideline range would have been the same even without the two-level enhancement. Further, the Court would have imposed the same sentence even if the guideline calculations were incorrect. CR ECF No. 47 at 11, 13.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **7th day of July 2025.**

*[signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE